IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CECIL BRADLEY MATHEWS,**

    Petitioner,

vs.                                  Case No. 4:12cv279-RH/CAS

**MICHAEL CREWS,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On June 3, 2012, Petitioner Cecil Bradley Mathews, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging Disciplinary Report (DR) #430-110348. Doc. 1. Petitioner filed an amended § 2254 petition on July 17, 2012, and a second amended § 2254 petition on October 8, 2012. Docs. 6 and 11. On March 13, 2013, Respondent filed an answer, with exhibits. Doc. 20. On April 3, 2013, Petitioner filed a reply. Doc. 24.

The undersigned magistrate judge entered a Report and Recommendation on July 11, 2014, recommending the Court dismiss the petition as moot because the challenged DR resulted in no loss of gain time and imposed only fifteen (15) days of disciplinary confinement, which Petitioner had already served; nothing indicated the

disciplinary proceeding had affected the length of Petitioner's sentence. Doc. 29. Petitioner filed no objections. In an order entered September 23, 2014, the Court remanded the matter to the undersigned, finding the petition was not moot because the disciplinary finding rendered Petitioner ineligible for gain time he may otherwise have received. Doc. 30 at 3-4.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that Petitioner is not entitled to relief and, therefore, the petition should be denied. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural History**

Petitioner is an inmate of the Florida Department of Corrections, currently incarcerated at the NWFRC Annex in Chipley, Florida. Doc. 33. On March 9, 2011, in DR #430-110348, while he was incarcerated at Martin Correctional Institution, Petitioner was charged with spoken, written, or gestured threats, in violation of Florida Administrative Code Rule 33-601.314. Doc. 20 Ex. B. Specifically, the DR states in pertinent part:

> ON MARCH 09, 2011 AT APPROXIMATELY 4:00PM, I CAPTAIN A. SCARPATI, WHILE ASSIGNED AS THE THIRD SHIFT O.I.C., WAS HANDED A HOMEMADE WITNESS STATEMENT WRITTEN BY INMATE MATHEWS, CECIL DC #128073 (B-3212L). IN THIS WITNESS

> STATEMENT INMATE MATHEWS DCAKESEVERAL [sic] THREATS AGAINST INMATE FREEMAN, LEON DC#W26478 (B-3212U). HE STATES THAT INMATE FREEMAN IS CONSTANTLY YELLING OUT OF HIS DOOR TO INMATE RIVERS, JOSEPH DC#106523 (B-3202L). HE STATES THAT IF INMATE FREEMAN IS NOT MOVED HE IS GOING TO HURT HIM. ATTACHED IS THE SIGNED HOMEMADE WITNESSED STATEMENT BY INMATE MATHEWS. THIS PLACES INMATE MATHEWS IN VIOLATION OF (1-3) SPOKEN, WRITTEN, OR GESTURED THREATS.

*Id.* at 2. The witness statement prepared by Petitioner was attached to the DR. *Id.* at 3. On March 11, 2011, Petitioner received notice of the charge, and an investigation began that same day. *Id.* at 2-3. Witnesses were interviewed including Captain Scarpati who stated, "I was given a homemade witness statement written and signed by Inmate Mathews. In this witness statement he makes threats against Inmate Freeman." *Id.* at 5. Inmate Rivers gave no written statement. *Id.* at 6. Inmate Freeman stated, "I never had any problems with Mathews." *Id.* at 7.

Inmate Mathews stated the charge was not read upon delivery of the DR and, therefore, the DR should be dismissed because of the procedural due process violation. *Id.* at 4, 8. Mathews also stated that if Inmate Freeman "said he never felt threatened," then "[d]enial of witnesses is a Due Process violation warranting dismissal." *Id.* at 4; *see id.* at 8. Mathews further stated:

> I also allege this witness statement was in compliance with the rules which does not allow a D.R. to be written. Captain Scarpatti cannot issue a D.R. for a protected/privileged communication. I allege its only retaliatory for grievance number 1107-430-127. (shown to hearing team but kept) In this approved grievance it specifically says Capt Scarpatti was interviewed about my allegation of current D.R. being retaliatory. Retaliation for filing grievances violates my 1st Amendment, what else can

> this be? Chapter 33 clearly states an inmate initiating a witness statement must give clear precise facts as to who, what, where, what was said, who said it, what the fear is. Worse things are written everyday in witness statements, their purpose is to be honest and straightforward so a proper assessment can be made. To punish an inmate for engaging in this system of seeking aid for certain situations would jeopardize the safety of other inmates in the future and undermines the confidentiality of the witness statement. Thus an act of reprisal is given.

*Id.* at 4; *see id.* at 8. Mathews offered mitigating factors, including "(1) He would not be quiet, he argues still today all night and all thru the day, (2) I never verbally threatened or made him feel threatened, (3) I was being teased about sexual assault, (4) Freeman is an open homosexual, he used a lot of sexually explicit language (5) I was scared and needed help, (6) when I asked him to calm down he would turn and say F— You papa." *Id.* at 11. Mathews stated, "These are mitigating circumstances that should make you understand whatever threat . . . was written was written out of fear of the threats I was receiving about sexual assault." *Id.* Mathews further stated:

> I request if you are going to find me guilty after considering the mitigating factors that you consider alternate discipline measures as required by 33-601.308. Within that provision it states . . . that disciplinary confinement shall be utilized only as a last resort. I'm already in D/C but further time denies me due process. Other disciplinary measures ae mandatory to be considered. I assure you this is an isolated incident that will not happen again and does not warrant a disciplinary report. If a D.R. is allowed to stand please consider a probationary period so I can prove it was an isolated act done out of severe mental disorder. I also just recently started a psychotropic drug called Wellbutrin that's missing with me a little bit. Also, please take gain time if you decide to find me guilty. I know that sounds strange but please do.

*Id.* at 12. Mathews indicated that he did not have any witnesses or evidence to present. *Id.* at 9-10.

A hearing took place on March 14, 2011.  *Id.* at 14.  The Disciplinary Hearing Worksheet indicates that Matthews was present at the hearing; staff assistance was offered and declined; the charge was read, understanding was indicated, and the procedures and penalties explained.  *Id.*  Mathews entered a no contest plea and was found guilty based on the plea.  *Id.*  The action taken was "DC not to exceed 15 days" to run "concurrent."  *Id.*  No loss of gain time is indicated.  *Id.*

Petitioner Mathews then proceeded through the administrative grievance process.  *See* Doc. 20 Ex. C at 1-9.  Respondent indicates Mathews exhausted his administrative remedies on May 5, 2011.  *Id.*; Doc. 20 at 4.

On June 1, 2011, Mathews filed a petition for writ of mandamus in the Second Judicial Circuit, Leon County, Florida.  Doc. 20 Ex. D at 4-10.  Respondent filed a response and requested the petition be denied.  *Id.* at 14-21.  Respondent argued Mathews was not entitled to the requested relief (overturning his DR) because he had pled no contest.  *Id.* at 17. Mathews filed a reply.  *Id.* at 22-27.  By order dated September 15, 2011, the state trial court denied the petition.  *Id.* at 28-32.

In particular, in denying the mandamus petition, the court found that "[a]s a result of the disciplinary team's finding, Petitioner was placed in disciplinary confinement for 15 days; however, no gain time was revoked."  *Id.* at 28; *see id.* at 29 (noting again that no gain time was revoked).  The court found that because "no gain time was revoked, Petitioner is not entitled to the due process protections articulated in Wolff" v. McDonnell, 418 U.S. 539 (1974).  *Id.* at 29.  The court further found that "[d]espite the fact that Petitioner was not entitled to the due process protections articulated in Wolff,

the record reflects that Petitioner was awarded all of the Wolff protections," including advance written notice of the charge, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 30-31. The court also found that "the record reflects that Petitioner voluntarily pled no contest to the disciplinary charge" and "Petitioner's no contest plea constitutes more than sufficient evidence to support the disciplinary team's action." *Id.* at 31 (citing Cason v. McDonough, 943 So. 2d 861 (Fla. 1st DCA 2006)). The court further found:

> Petitioner raises various allegations of due process violations surrounding his disciplinary report. However, at the disciplinary hearing, Petitioner pled "no contest" to the charge. Rule 33-601.307(1)(g), F.A.C., clearly states that "[a] plea of 'no contest' shall be handled as a guilty plea." Even in a criminal case, a no contest plea, for purposes of the charge to which defendant is pleading, is the same as a guilty plea. Montgomery v. State, 821 So. 2d 464 (Fla. 4th DCA 2002); Hudson v. U.S., 272 U.S. 451 (1926). Furthermore, in a criminal case, a voluntary plea of guilty waives any non-jurisdictional defects. Trawick v. State, 473 So. 2d 1235 (Fla. 1985). Therefore, the court will not look beyond Petitioner's plea, and Petitioner has waived his arguments that he was denied procedural due process during the disciplinary proceedings.
>
> Petitioner also alleges that he is being retaliated against for participating in the grievance process. However, Petitioner provides no evidence or details to support these allegations. A petition for extraordinary relief must contain specific facts rather than conclusory statements. Holcomb v. Dep't of Corr., 609 So. 2d 751 (Fla. 1st DCA 1992); Piccirillo v. Wainwright, 382 So. 2d 743 (Fla. 1st DCA 1980). Furthermore, in order to provide sufficient grounds for reversal of a disciplinary report based upon a claim of retaliation a prisoner mush show that without the retaliatory motive the disciplinary report would not have been written. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Petitioner has not made such a showing. Additionally, an allegation that false disciplinary charge has been written fails to state a claim as long as due process was provided. See Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984); Wolff, supra. In this case the Wolff protections were

provided. Therefore, Petitioner is not entitled to relief from his disciplinary report.

*Id.* at 31-32.

Mathews challenged the trial court's order in the First District Court of Appeal (DCA) by filing a petition for writ of certiorari on September 30, 2011, assigned case number 1D11-5320. *Id.* Ex. E at 3-8; online docket for case number 1D11-5320 at www.1dca.org. Respondent filed a response. Doc. 20 Ex. E at 10-22. Mathews filed a reply. *Id.* at 25-28. On March 26, 2012, the First DCA per curiam denied the case, stating that "the petition for writ of certiorari is denied on the merits." *Id.* at 28.

As indicated above, Petitioner filed his § 2254 petition in this Court on June 3, 2012, challenging DR #430-110348, and ultimately filed a second amended § 2254 petition. Doc. 11; *see* Docs. 1, 6. Respondent filed an answer, with exhibits. Doc. 20. Petitioner filed a reply. Doc. 24.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.  Additionally, for federal habeas purposes, a nolo contendere plea is treated the same as a guilty plea.  See North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); see also, e.g., Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty").

In his § 2254 petition, as amended, Petitioner Mathews raises three grounds:

(1) "Disciplinary report was an act of retaliation against Petitioner for utilizing the grievance process in violation of his [rights under the] First Amendment," Doc. 11 at 6;

(2) "Disciplinary report was written based on witness statement written which is protected speech," *id.* at 8; and

(3) "Hearing team failed to give the due process required reasons for disciplinary action taken," *id.* at 9.

As relief, Petitioner seeks "expungement of disciplinary report from his institutional and departmental records." *Id.* at 16.

Respondent answers and argues the second ground is procedurally barred because Mathews did not raise this argument in state court and, thus, did not exhaust his state court remedies with respect to that ground. Doc. 20 at 6-10. Next, Respondent argues that Mathews is not entitled to relief because he had no liberty interest giving rise to due process protections. *Id.* at 10-15. Respondent explains that because Mathews was only assigned 15 (fifteen) days in disciplinary confinement as a result of the proceedings in this case, he "was not effectively subjected to the withdrawal of good time credits and, therefore, did not have any entitlement to due process." *Id.* at 12; *see* <u>Sandin v. Connor</u>, 515 U.S. 472, 483-84 (1995). Respondent points out that "[t]o the extent Petitioner alleges a liberty interest in the loss of the opportunity to earn gain time as a result of the DR, Petitioner does not have a liberty interest in the mere opportunity to earn gain time." Doc. 20 at 12; *see, e.g.*, <u>Hartley v. Warden of Fla. State Prison</u>, 352 F. App'x 368, 371 (11th Cir. 2009). Respondent explains that, because Mathews was ineligible to earn gain time, he "cannot show that he lost credits that were actually earned and nothing in Florida law required prison

officials to award him gain time even in the absence of the D.R." Doc. 20 at 13. Respondent further asserts that "[t]o the extent Petitioner argues that he has a liberty interest based upon Department rules, he is incorrect" and "[t]o the extent Petitioner would argue that he has a liberty interest based upon the time spent in disciplinary confinement he is also incorrect." Id. at 13-14; see, e.g., Magluta v. Samples, 375 F.3d 1269, 1282-84 (11th Cir. 2004); Smith v. Reg'l Cir. Fla. Dep't of Corr., 368 F. App'x 9, 13 (11th Cir. 2010). Finally, Respondent argues Mathews has failed to state a claim of retaliation for the writing of the DR. Doc. 20 at 15-17.

Respondent's points are well-taken. Most significantly, as the state trial court found and as reflected in the record, Mathews entered a no contest plea in response to the charges presented in the DR. Nothing indicates this plea was involuntary. Mathews thus waived all technical arguments concerning due process violations and non-jurisdictional defects. See, e.g., Banks v. McNeil, No. 3:07cv143-J-12JRK, 2009 WL 3112095 at *5 (M.D. Fla. Sept. 25, 2009) (order denying § 2254 petition challenging DR to which petitioner entered no contest plea and received 30 days' disciplinary confinement and lost 90 days of gain time, finding petitioner's plea "constitutes some evidence and is thus sufficient to support the disciplinary conviction"); Schmidt v. McNeil, No. 5:08cv63-RS/MD, 2009 WL 1260009 at *7 (N.D. Fla. May 6, 2009) (order denying § 2254 petition and adopting report and recommendation where petitioner challenged DR to which he pled no contest: "Even assuming, which this court does not decide, that petitioner's guilty plea did not waive his right to raise a sufficiency of the evidence claim, he is not entitled to federal habeas relief. A finding of guilt requires only

Case No. 4:12cv279-RH/CAS

the support of some facts or any evidence at all to support the action taken by prison officials. Here, the evidence relied upon by the disciplinary team was petitioner's admission of guilt, including the facts contained in the officer's charging disciplinary report. This constitutes some evidence and is thus sufficient to support the disciplinary conviction.").

Moreover, in cases where a DR does not result in the loss of gain time, and the only penalty is placement in disciplinary confinement for 30 days, due process protections do not attach. See Sandin, 515 U.S. at 485; see, e.g., Wildberger v. Crews, No. 3:11cv570-MCR/CJK at *5-6 (order adopting report and recommendation to deny § 2254 petition challenging DR: "Without either the loss of gain-time credits or 'atypical' confinement, 'the Due Process Clause itself [affords no] protected liberty interest that [invokes] the procedural protections set forth in Wolff.' . . . Because petitioner lost no gain-time, and because 60-days disciplinary confinement alone is not 'the type of atypical, significant deprivation in which a State might conceivably create a liberty interest,' the petition lacks merit and must be denied. . . . Petitioner does not have a liberty interest in the mere opportunity to earn gain time." (citations omitted)); Ferguson v. Tucker, No. 5:11cv398-RS/EMT, 2012 WL 3113884 at *7-8 (N.D. Fla. July 13, 2012) (report and recommendation to deny § 2254 petition challenging DR that resulted in penalty of 30 days on disciplinary squad, 30 days of probation, and deprivation of certain canteen privileges for 30 days, and explaining: "In light of the fact that the disciplinary decision did not result in the forfeiture of earned gain time, Petitioner was not entitled to the due process protections of Wolff and Hill, pursuant to Sandin.");

<p></p>

Hartley v. McNeil, No. 5:07cv101-RS/EMT, 2008 WL 1844416 at *4 (N.D. Fla. Apr. 23, 2008) (order adopting report and recommendation to deny § 2254 petition challenging DR that resulted in 30 days' disciplinary confinement, explaining that DR did not result in forfeiture of earned gain time and rejecting argument that duration of incarceration was affected because he was not eligible to earn gain time during time following DR: "[N]othing in Florida law required prison officials to grant Petitioner incentive gain time even in the absence of the disciplinary decision; indeed, whether Petitioner would have actually been awarded incentive gain time in any given month depended upon a number of factors tied to his future behavior, and the amount of the award, if any, was entirely within the discretion of DOC officials who were making these evaluations.").

Further, Mathews was provided with procedural due process protections. Specifically, as found by the state court and as reflected in the record, Mathews received 24-hours advance written notice of the charges against him, an opportunity to call witnesses and present evidence in his defense, and a written statement by the fact-finder concerning the evidence relied upon and the reasons for the DR. See Wolff, 418 U.S. at 564-66.

Finally, Mathews has not shown a claim for retaliation. Indeed, Mathews concedes in his reply that "in this proceeding the act of retaliation cannot be proven beyond a reasonable doubt." Doc. 24 at 6.

## Conclusion

Petitioner Mathews has not demonstrated entitlement to federal habeas relief. The state court's denial of relief was neither contrary to, nor involved an unreasonable

application of, clearly established federal law. 28 U.S.C. § 2254(d). The amended § 2254 petition (Doc. 11) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis). The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition for writ of habeas corpus (Doc. 11) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 4, 2014.

                                 s/  Charles A. Stampelos
                                 **CHARLES A. STAMPELOS**
                                 **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**