# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CECIL BRADLEY MATHEWS,

    Petitioner,

v.                                  CASE NO. 4:12cv279-RH/CAS

MICHAEL E. CREWS,

    Respondent.

_____/

## ORDER DENYING THE PETITION, A CERTIFICATE
## OF APPEALABILITY, AND LEAVE TO PROCEED
## ON APPEAL IN FORMA PAUPERIS

By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Cecil Bradley Mathews, a Florida state prisoner, challenges a disciplinary finding. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 34, and the objections, ECF No. 35. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

In the objections, Mr. Mathews insists that he lost gain time and thus was entitled to due process in the disciplinary proceeding. But Mr. Mathews received

due process, pleaded no contest, and was plainly guilty of the violation: he threatened another prisoner in writing. Moreover, the Florida First District Court of Appeal rejected Mr. Mathews's claims on the merits. A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Mr. Mathews has not come close to meeting this standard. He is not entitled to relief.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a

demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Mathews has not made the required showing. This order thus denies a certificate of appealability. Because Mr. Mathews has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that Mr. Mathews is not otherwise entitled to proceed on appeal *in forma pauperis*.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is ACCEPTED.

    2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

Case No. 4:12cv279-RH/CAS

3. A certificate of appealability is DENIED.

4. Leave to appeal *in forma pauperis* is DENIED.

5. The clerk must close the file.